# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY GLEN MCCUTCHEON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. CIV-12-1067-L |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration[1], | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits (DIB) under the Social Security Act.

This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (hereinafter TR. ___). The parties have briefed their positions, and the matter is now at issue. For the reasons stated herein, it is recommended that the Commissioner's decision

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013. Therefore, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Acting Commissioner Colvin is hereby substituted for Commissioner Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 405(g) of the Social Security Act, 42 U.S.C. § 405(g).

be **REVERSED AND REMANDED** for further proceedings consistent with this Report and Recommendation.

## PROCEDURAL HISTORY

Plaintiff filed his application for DIB on March 9, 2009, alleging a disability beginning on February 21, 2009 (TR. 10). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 10). At Plaintiff's request, an administrative law judge (ALJ) held a *de novo* hearing on March 9, 2010 (TR. 22-42). Plaintiff was represented by counsel at the hearing, and testified in support of his application (TR. 24-42). Although a vocational expert was present, she did not testify. On August 19, 2010, the ALJ issued an unfavorable decision finding that Plaintiff was not disabled (TR. 10-17). Plaintiff appealed, and the Appeals Council denied Plaintiff's request for review on August 1, 2012, making the ALJ's decision the final decision of the Commissioner (TR. 1-4).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## THE ADMINISTRATIVE DECISION

The ALJ described the five-step sequential evaluation process set forth in the Code of Federal Regulations, 20 C.F.R. § 404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the onset date of his alleged disability (TR. 12). At step two, the ALJ found that, although Plaintiff had lost his left eye, experienced blurry vision in his right eye, and complained of neck pain and headaches, he did not have an impairment or

combination of impairments "that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months" (TR. 12). The ALJ found that Plaintiff's alleged depression is not severe. At step two of the sequential evaluation, the ALJ determined that Plaintiff was not disabled (TR. 12).

## ANALYSIS

At step two of the sequential evaluation, a claimant must demonstrate that he has an impairment or combination of impairments which significantly limits his ability to do basic work activities. *See Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997); 20 C.F.R. §404.1520(c). The ability to see is a "basic work activity." *See* SSR 85-28, 1985 WL 56856 at *3. The burden is on the claimant at step two to demonstrate that he is significantly limited in performing a basic work activity. *See Wells v. Colvin*, ___ F.3d ___, 2013 WL 4405723 at *___, n. 1 (10th Cir. Aug. 19, 2013) (claimant bears burden of establishing *prima facia* case of disability at steps one through four). But a claimant's burden of proof at step two is *de minimis*. Step two is designed "to weed out at an early stage of the administrative process those individuals who cannot possibly meet the statutory definition of disability." *Bowen v. Yuckert*, 482 U.S. 137, 156 (1987) (O'Conner, J., concurring). *See also Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004).

In February 2009, Plaintiff was assaulted. His attacker gouged his eyes, abrading the cornea of the right eye and rupturing the globe of the left eye (TR. 186). The left eye was ultimately removed. Plaintiff testified that his past work included driving trucks and operating heavy equipment such as bulldozers and front-end loaders (TR. 26-29). In 2008, he helped his wife with her lawn mowing business (*Id.*). Plaintiff further testified that he is no longer able to drive, operate equipment or even handle financial matters because the loss of sight in his left eye and the damage done to the right eye has caused blurred and double vision (TR. 34). In a function report dated April 1, 2009, Plaintiff stated that he was under a doctor's orders not to drive (TR. 138). The record is undisputed in this respect. The ALJ cited no evidence to support a conclusion that Plaintiff has driven or could drive since his injury. Because he stopped at step two of the sequential evaluation, the ALJ never considered whether Plaintiff could perform any of his past relevant work, all of which required driving or operating machinery.

Plaintiff still has some vision in his right eye, and, according to a ruling by the Social Security Administration, a claimant who can do "basic work activities," defined as the "abilities and aptitudes to do most jobs" is presumed to be able to perform past relevant work (SSR 85-28, 1985 WL 56856 at *4) ("Medical Impairments that are Not Severe"). But the same ruling states that where, as

here, a claimant cannot perform his past relevant work because of certain features of that work which the claimant can no longer perform, (in this case driving heavy trucks and machinery), "a denial at the 'not severe' step of the sequential evaluation process is inappropriate" (*Id.*).

> The inability to perform past relevant work in such instances warrants further evaluation of the individual's ability to do other work considering age, education and work experience

(*Id.*).

The fact that Plaintiff has some sight in his right eye does not demonstrate that he can perform the "basic work activities" required by his past relevant work. It is therefore recommended that the Commissioner's decision be **REVERSED AND REMANDED** for further proceedings consistent with this Report and Recommendation.

## RECOMMENDATION

Having reviewed the evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **REVERSED AND REMANDED** for further proceedings consistent with this Report and Recommendation.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **November 4, 2013**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on October 21, 2013.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE